IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA L. BURKE,                                  )
                                                 )
                    Plaintiff,                   )        Civil No. 08-6400-JO
                                                 )
              v.                                 )        OPINION AND ORDER
                                                 )
COMMISSIONER, SOCIAL SECURITY                    )
ADMINISTRATION,                                  )
                                                 )
                    Defendant.                   )

    Kathryn Tassinari
    Robert A. Brown
    HARDER WELLS BARON & MANNING, PC
    474 Willamette Street, Suite 200
    Eugene, OR  97401

       Attorneys for Plaintiff

    David M. Blume
    Kathryn A. Miller
    L. Jamala Edwards
    SOCIAL SECURITY ADMINISTRATION
    701 Fifth Avenue
    Suite 2900, M/S 901
    Seattle, WA  98104-7075

Adrian l. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Attorneys for Defendant

JONES, Judge:

Claimant Donna Burke seeks judicial review of a final decision of the Commissioner of
Social Security denying her application for a period of disability and disability insurance benefits
("DIB"). Defendant, in turn, has moved to remand this case for further administrative
proceedings (# 21).

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C.
§§ 405(g), 1383(c)(3). Following a careful review of the record, the court concludes that the case
must be remanded for further proceedings and therefore grants defendant's motion.

ADMINISTRATIVE HISTORY

Claimant filed an application for DIB on November 25, 2005, alleging disability since
June 1, 2004. The application was denied initially and on reconsideration. The Administrative
Law Judge ("ALJ") held a hearing on August 7, 2007. Claimant, represented by counsel,
appeared and testified, as did an impartial vocational expert. On August 30, 2007, the ALJ
issued a decision denying claimant's application. The ALJ's decision became final on
October 16, 2008, when the Appeals Council declined review.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal
standards and the findings are supported by substantial evidence on the record as a whole.

2 - OPINION AND ORDER

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

DISCUSSION

The Commissioner seeks remand to permit further proceedings to resolve several errors in the ALJ's consideration of the issues, specifically:

1.    To fully address and explain the weight assigned to the medical evidence as a whole, and specifically address the opinions of Drs. LeBray and Kirkendall concerning claimant's mental impairments;

2.    To reassess claimant's maximum residual functional capacity;

3.    To reevaluate claimant's subjective testimony;

4.    To perform new step four, and if necessary step five analyses; and

5.    To obtain the assistance of a vocational expert.

Claimant, in turn, asks the court to remand for an immediate award of benefits.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an

3 - OPINION AND ORDER

immediate award of benefits.  Id.  Ultimately, it is within this court's discretion to remand for

further proceedings or an immediate award of benefits.  Id. at 590.

I agree with the Commissioner that further administrative proceedings are appropriate

because the record does not require a finding of disability and contains numerous unresolved

issues.  This court is not in a position, as claimant urges, to usurp the Commissioner's duty and

consider the psychologists' opinions in the first instance and make a determination on the merits.

Thus, I conclude that remand for an immediate award of benefits is not appropriate.

Consequently, in the exercise of my discretion, I grant defendant's motion (# 21) and

remand this action to the Commissioner.  As the Commissioner has requested, on remand the

ALJ is instructed to:

1.      Fully address and explain the weight assigned to the medical evidence as a whole,

and specifically address the opinions of Drs. LeBray and Kirkendall concerning claimant's mental

impairments;

2.      Reassess claimant's maximum residual functional capacity;

3.      Reevaluate claimant's subjective testimony;

4.      Perform new step four, and if necessary step five analyses; and

5.      If necessary, obtain the assistance of a vocational expert.

In light of the errors that require this remand, the Commissioner shall pay claimant's

attorney fees accrued in connection with the current application.

4 - OPINION AND ORDER

CONCLUSION

Defendant's motion to remand (# 21) is GRANTED.  The decision of the Commissioner denying benefits is reversed and remanded for further proceedings consistent with this opinion.

DATED this 14th day of January, 2010.


 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

5 - OPINION AND ORDER